J-S10018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE T. FLETCHER | : | |
| | : | |
| Appellant | : | No. 147 WDA 2023 |

Appeal from the PCRA Order Entered November 1, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003051-2019

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                           **FILED: April 9, 2024**

Appellant, George T. Fletcher, appeals from the order entered in the Allegheny County Court of Common Pleas, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On October 23, 2019, Appellant entered a negotiated guilty plea to rape of a child, involuntary deviate sexual intercourse with a child, two counts of indecent assault with a person less than 13 years old, aggravated indecent assault of a child, unlawful contact with a minor, endangering the welfare of a child, and corruption of minors.  In exchange for his plea, the Commonwealth agreed to an aggregate term of 8 to 20 years' imprisonment, plus a period of probation to be decided by the court.  Following a guilty plea colloquy, the court accepted

Appellant's plea as knowing, intelligent, and voluntary, and imposed the agreed-upon aggregate term of 8 to 20 years' imprisonment, plus 10 years' probation. Appellant did not file post-sentence motions or a direct appeal.

On March 22, 2022, Appellant filed a *pro se* PCRA petition. In his petition, Appellant raised claims of an invalid guilty plea, the lack of formal notice of the charges against him, a conflict of interest involving plea counsel, plea counsel's failure to investigate the case properly, and racial bias by the judge who accepted Appellant's plea. Appellant insisted that he satisfied the governmental interference and newly-discovered facts exceptions to the PCRA time-bar, such that he could raise these claims.

Regarding the governmental interference exception to the time-bar, Appellant argued he could not have presented his claims sooner based on the denial of access to prison resources. Specifically, Appellant alleged that he had no access to the prison library from October 2019 to December 2019. Thereafter, Appellant maintained he had no access to persons trained in the law. Appellant complained that the COVID-19 pandemic subsequently caused more restrictions to the prison library, which was closed or opened on a limited basis from April 2020 until now. (**See** PCRA Petition, filed 3/22/22, at 7-12).

With respect to the newly-discovered facts exception to the time-bar, Appellant argued that he was unable to discern the factual and legal bases for his PCRA petition until January 5, 2022, when a fellow prisoner with formal training in the law was housed on his cell block. (**See id.** at 12-13).

- 2 -

The court subsequently appointed counsel, who filed a motion to withdraw and **Turner**/**Finely** no-merit letter on July 6, 2022. On September 23, 2022, Appellant filed a motion for the appointment of substitute counsel, alleging that PCRA counsel did not communicate with Appellant about his claims prior to filing the no-merit letter. On October 5, 2022, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, and permitted appointed counsel to withdraw. Appellant filed a *pro se* response on October 20, 2022, reiterating his claims and again requesting new counsel. On November 1, 2022, the PCRA court dismissed the petition as untimely. The court also appointed new counsel to represent Appellant for any appeal.[1]

Appellant timely filed a counseled notice of appeal on November 30, 2022. On December 5, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel subsequently filed a statement of intent to file a **Turner**/**Finley** letter per Pa.R.A.P. 1925(c)(4).

---

[1] We note that generally, "once the court permits PCRA counsel to withdraw after filing a **Turner**/**Finley** 'no-merit' letter, an appellant is no longer entitled to the appointment of counsel on appeal." **Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa.Super. 2019). Nevertheless, the court shall appoint counsel to represent a defendant whenever the interests of justice require it. **See** Pa.R.Crim.P. 904(E). Here, given Appellant's allegations against initial PCRA counsel and repeated requests for the appointment of new counsel, we cannot say that the court erred by appointing new counsel for Appellant's appeal, in an abundance of caution, under these circumstances. **See id.**

Preliminarily, current appellate counsel has filed a motion to withdraw and ***Turner***/***Finley*** no-merit letter in this Court.[2]  Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to ***Turner*** and ***Finley***.  ***Commonwealth v. Karanicolas***, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007).  Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel.  ***Id.***  "Substantial compliance with these requirements will satisfy the criteria."  ***Karanicolas, supra*** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a ***Turner***/***Finley*** letter detailing the nature of counsel's review and explaining why Appellant's issues lack merit.  Counsel's letter also demonstrates he reviewed the certified record and found no meritorious issues for appeal.  Counsel notified Appellant of counsel's request to withdraw and advised

---

[2] ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant regarding his rights.[3]  Thus, counsel substantially complied with the *Turner*/*Finley* requirements.  *See Wrecks, supra*; *Karanicolas, supra*.

In his *Turner*/*Finley* letter, counsel acknowledges that Appellant's current PCRA petition is facially untimely.  Counsel asserts that Appellant attempts to invoke the governmental interference exception to the PCRA time-bar, based on Appellant's inability to conduct legal research sooner due to prison restrictions before and during the COVID-19 pandemic.  Counsel further claims that Appellant attempts to invoke the newly-discovered facts exception to the time-bar based on Appellant's allegedly invalid guilty plea.  Nevertheless, counsel insists that Appellant is unable to satisfy either exception, such that the current petition remains time barred.[4]  (*See Turner*/*Finley* Letter at 2).  We agree with counsel's assessment.

The timeliness of a PCRA petition is a jurisdictional requisite.  *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is final "at the conclusion of

---

[3] Although counsel initially had provided improper advice by informing Appellant that he had the right to proceed *pro se* or to retain new counsel **only if** this Court granted counsel's motion to withdraw, upon a directive from this Court, counsel subsequently sent Appellant a new letter appropriately advising Appellant of his rights.

[4] Appellant has not responded to the *Turner*/*Finley* letter *pro se* or with new private counsel.

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Instantly, the court sentenced Appellant on October 23, 2019. Appellant did not file post-sentence motions or a direct appeal. Therefore, his judgment of sentence became final 30 days later, on November 22, 2019. *See* Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal). *See also* 42 Pa.C.S.A. §

- 6 -

9545(b)(3). Appellant had one year from that date, or until November 22, 2020, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not file the current *pro se* PCRA petition until March 22, 2022, which is patently untimely. *See id.*

Appellant now attempts to invoke the governmental interference and newly-discovered facts exceptions to the PCRA time-bar. Regarding the first asserted exception, Appellant argued that he could not present his claims sooner based on a lack of access to prison resources. Nevertheless, this Court has previously rejected such a claim as a basis for overcoming the PCRA time-bar, in the absence of an assertion that the conditions of the petitioner's incarceration were illegal. *See, e.g., Commonwealth v. Bankhead*, 217 A.3d 1245, 1248 (Pa.Super. 2019) (stating: "[W]ithout an assertion of illegality on the part of government officers, restrictions on access to prison resources does not qualify a petition for the governmental interference exception"); *Commonwealth v. Rizvi*, 166 A.3d 344 (Pa.Super. 2017) (rejecting assertion of governmental interference exception to PCRA time-bar based on prison restrictions impairing ability to prepare *pro se* PCRA petition; petitioner failed to show that any of conditions of his incarceration were illegal as required to satisfy proffered time-bar exception); *Commonwealth v. Lambing*, No. 399 WDA 2022 (Pa.Super. filed Apr. 21, 2023) (unpublished

memorandum),[5] *appeal denied*, \_\_\_ Pa. \_\_\_, 305 A.3d 960 (2023) (rejecting assertion of governmental interference exception where appellant claimed that limited access to library resources and his restricted housing status frustrated any efforts to understand and invoke his rights to pursue collateral review; appellant did not allege that Department of Corrections administered its library or housing policies in violation of his rights under constitutional or state law as required to prove exception to time-bar; because appellant failed to show that conditions of his incarceration were illegal during COVID-19 pandemic, we reject his governmental interference claim based on his limited law library access and restrictive housing during pandemic).

Although Appellant cites law regarding a constitutional right to "access to the courts" (*see* PCRA Petition at 8-10), he fails to demonstrate how any of the conditions of his incarceration were illegal. Appellant had from November 22, 2019 until November 22, 2020, to file a timely PCRA petition. Based on Appellant's own admissions, he had access to the law library between December 2019 and April 8, 2020 (when the library closed due to the pandemic). He merely asserts that he had no access to "persons trained in the law" at that time. Appellant also admits that the law library was open, albeit on a limited basis, between June 8, 2020 and December 1, 2020. Thus, by his own admission, Appellant had access to the prison library such that he

---

[5] *See* Pa.R.A.P. 126(b) (explaining we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

could have pursued the filing of a timely PCRA petition within one year of when his judgment of sentence became final. For these reasons, we reject Appellant's assertion of the governmental interference exception. *See Bankhead, supra*; *Rizvi, supra*; *Lambing, supra*.

With respect to the newly-discovered facts exception, Appellant does not actually assert a new "fact"; rather, he claims that he was unable to discern the factual and legal bases for his petition until January 5, 2022, when a fellow prisoner with formal training in the law was housed on his cell block and assisted him. This simply does not satisfy the requirements that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). The "facts" at issue here are Appellant's underlying claims of an invalid guilty plea, the lack of formal notice of the charges against him, a conflict of interest involving plea counsel, plea counsel's failure to investigate the case properly, and racial bias by the judge who accepted Appellant's plea. Significantly, however, Appellant has failed to show that these claims were previously unknown to Appellant and that he could not have discovered them sooner with the exercise of due diligence. *See id.*

Indeed, Appellant would have known about at least some of these claims at the time he entered his plea. Further, Appellant admits he learned of allegations of racial bias against the judge who accepted his plea in July 2020.

(*See* PCRA Petition at 26-27). Yet, Appellant waited until March 22, 2022, to file the current PCRA petition. As we have already discussed, Appellant admits the prison law library was open between June 8, 2020 and December 1, 2020, albeit on a limited basis. Thus, Appellant has failed to allege any newly discovered facts that he could not have discovered sooner with the exercise of due diligence, to overcome the PCRA time-bar. Based upon the foregoing, we agree with appellate counsel that the appeal is frivolous. Accordingly, we affirm the order dismissing Appellant's PCRA petition as untimely.

Order affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2024